# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHILDERIC MAXY,**
      **Plaintiff,**

    v.                                                                     Case No. 23-C-763

**ANGELA THOMPSON, ET AL.,**
      **Defendants.**

---

## DECISION AND ORDER

The *pro se* plaintiff, Childeric Maxy, is a Wisconsin state prisoner who filed this case alleging that defendants violated his constitutional rights. I screened the amended complaint (ECF No. 15) and allowed plaintiff to proceed on the following claims: (1) Eighth Amendment claim against Dr. Labby based on allegations that she discontinued plaintiff's pain medications and refused to renew them such that plaintiff had no pain medication for his IBS or shoulder pain from December 29, 2022 to March 13, 2023; (2) Eighth Amendment claim against HSU Manager Angela Thompson based on allegations that plaintiff wrote to her about his need for pain medication and Dr. Labby's failure to renew it, but she did not take any action; and (3) Eighth Amendment clams against defendants Nathan Beier and Holly Gunderson, the grievance officers who processed plaintiff's administrative grievances about not receiving pain medication. ECF No. 18 at 5. This order addresses defendants' motion for summary judgment on exhaustion grounds, plaintiff's motions to amend and supplement his complaint, and defendants' motion to stay the dispositive motion deadline.

# I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.    Background[1]**

Plaintiff is incarcerated at Redgranite Correctional Institution, and he was incarcerated there during the events described in the amended complaint. Plaintiff submitted two inmate complaints related to his claims in this case: RGCI-2023-2107 and RGCI-2023-7604.

In complaint RGCI-2023-2107, plaintiff complained that he had an office visit with Dr. Labby on January 30, 2023, and she did not prescribe him the medication he needs for his shoulder and IBS. ECF No. 28-2 at 11-12. On March 13, 2023, defendant Beier, who was the institution complaint examiner (ICE) on the complaint, recommended that RGCI-2023-2107 be dismissed. The ICE Report states in relevant part:

> Maxy complains of unnecessary shoulder pain and requests shoulder treatment and medications to be prescribed for IBS. Maxy provides a date of incident of 1/30/23.
>
> The ICE contacted HSM Thompson in regard to this complaint and was provided the following. Patient Maxy was seen by MD Labby on 1/30/2023 however due to the patient being loud and disruptive the appointment was ended without exam. Based on behavior appointment was ended and rescheduled for a later date. Patient was seen on 3/10/2023 and received a more gentle nsaid for pain. Patient also received order for lactobacillus acidophilus and psyllium. Issues were brought by patient's non-compliance and misbehavior at HSU. Patient has received appropriate care.
>
> In coming to this determination, this Examiner relied upon the responses, documentation and professional judgment of the health care staff as noted above. Examiner recommends that the complaint be dismissed.

---

[1] The court includes only material, properly supported facts in this section. *See* Fed. R. Civ. P. 56(c)(1).

ECF No. 28-2 at 2. Defendant Gunderson, the reviewing authority, dismissed the complaint on March 17, 2023, stating, "Looks like the first appointment was ended because it was apparent the provider could not have a therapeutic relationship based on your behavior. I would recommend better behavior on your part for this not to happen again." *Id.* at 4.

Plaintiff avers that on March 20, 2023, he made copies for an appeal to the corrections complaint examiner (CCE), "because [he] had ten days to get the appeal to CCE in Madison, so I had to drop the U.S. Mail in the inmate mailbox, so I could not have drop it no later than Sunday the 26th of March; and that's where the mail to CCE disappeared." ECF No. 32 at ¶ 19. Plaintiff believes that someone took his appeal and destroyed it. *Id.*

On May 25, 2023, plaintiff's other inmate complaint, RGCI-2023-7604, was received. ECF No. 28-3 at 9-10. In that complaint, plaintiff stated he learned from defendant ICE Beier on May 11, 2023, that the appeal he submitted for complaint RGCI-2023-2107 was not on file. *Id.* at 9. He said that Beier "asked him to write a DOC-400," and that plaintiff wrote it in front of Beier. *Id.* Plaintiff also stated that that he dropped his appeal for RGCI-2023-2107 in the mailbox between March 20 and 31, 2023, and requested an investigation into why his appeal was not received, including review of video footage between March 20 and 31, 2023. *Id.* at 9-10. On May 31, 2023, defendant Beier rejected plaintiff's RGCI-2023-7604, finding that plaintiff did not provide sufficient information to support his complaint. *Id.* at 3. On appeal, the reviewing authority determined that the complaint was appropriately rejected under DOC 310.10(6). *Id.* at 5.

Plaintiff subsequently submitted another appeal to the CCE for RGCI-2023-2107, which was received on September 5, 2023. ECF No. 28-2 at 24. Along with his appeal, plaintiff submitted a letter stating that he "tried to send this appeal before sometime between March 20th and March 30th, but the mail was intercepted, and possibly destroyed, in bad faith." *Id.* at 26. He asked that the appeal be accepted, even though it was late. *Id.* The CCE rejected plaintiff's appeal as untimely:

> On 3/27/23, the institution printed the Reviewing Authority's complaint decision for distribution to the inmate. The day after printing is the first day of the fourteen days allowed for the filing of an appeal to the CCE. This office received the inmate's appeal on 9/5/23. The CCE Office received the appeal beyond the fourteen day timeframe provided under Wis. Admin. Code, s. DOC 310.12(1). While Maxy claims he submitted an appeal in March that was intercepted he provided no evidence of such and had plenty of time between March and now to address this matter. Finding no good cause to address this late appeal, it is recommended it be rejected for being untimely.

*Id.* at 6. The CCE upheld the rejection and dismissed the complaint. *Id.* at 7.

**B.**     Discussion

    1.    <u>Summary Judgment Standard</u>

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2. Analysis

Defendants contend that plaintiff failed to exhaust his claim against Dr. Labby because, while the issue he raised in Complaint RGCI-2023-2107 pertains to his claim against Dr. Labby, plaintiff did not timely appeal the dismissal of the inmate complaint. Defendants contend that plaintiff did not exhaust as to his claims against defendants Thompson, Gunderson, and Beier because he did not submit any complaint related to their conduct.

In response, plaintiff contends that he exhausted his available administrative remedies. He states that he timely appealed the dismissal of RGCI-2023-2107 by placing his appeal in the institution mailbox. Plaintiff says that when he learned from ICE Beier in May 2023 that his appeal had not been received, he submitted a complaint regarding alleged mishandling of his appeal. Plaintiff contends that he did all he could do to exhaust and that the court should find that he fully exhausted his available administrative remedies under *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2022) or by application of the prison mailbox rule.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some

5

other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects prisoners to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Defendants bear the burden of proving "that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (citation omitted).

Under the DOC's "Inmate Complaint Review System," "[b]efore an inmate may commence a civil action . . ., the inmate shall exhaust all administrative remedies the department has promulgated by rule." Wis. Admin. Code § DOC 310.05. "An inmate may use the ICRS to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1).

To fully exhaust administrative remedies under the ICRS, the prisoner must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Each complaint may contain "only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5). The ICE shall accept the complaint, return it, or reject it. Wis. Admin. Code § DOC 310.10(2). When a complaint is accepted, the ICE sends a recommendation to the appropriate reviewing authority to affirm or dismiss the complaint. Wis. Admin. Code § DOC 310.10(9), (12). The reviewing authority shall affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(2). A prisoner may appeal the reviewing authority's decision within fourteen days after the date of decision. Wis. Admin. Code § DOC 310.12(1). The CCE may accept,

return, or recommend rejection of an appeal or complaint. Wis. Admin. Code § DOC 310.12(2). For all accepted appeals, the CCE shall recommend that the reviewing authority decision be affirmed or dismissed and send its recommendation to the secretary of the DOC within 45 days of receipt of the appeal. Wis. Admin. Code § DOC 310.12(9). The secretary shall affirm or dismiss the CCE's recommendation or return the appeal for further investigation. Wis. Admin. Code § DOC 310.13(2). The secretary's decision is final. Wis. Admin. Code § DOC 310.13(3). "If an inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted[.]" Wis. Admin. Code § DOC 310.13(4).

Plaintiff avers that he timely submitted an appeal to the CCE by placing it in the prison mailbox. Defendants assume this is true and contend that plaintiff failed to exhaust because his eventual appeal to the CCE that was rejected as untimely did not properly invoke the prison mailbox rule in that it did not contain a sworn declaration that he timely submitted his original appeal and believed his original appeal had been tampered with in bad faith. Defendants also contend that plaintiff failed to exhaust because he learned in May 2023 that the CCE had not received his appeal but he did not resubmit his appeal until September 2023, and the CCE properly rejected his appeal as untimely.

While prisoners must exhaust available remedies, they "need not exhaust unavailable ones." *Crouch*, 27 F.4th at 1321 (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner

7

from exhausting." *Dole*, 438 F.3d at 809 (7th Cir. 2006) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). A prisoner exhausts his administrative remedies if he takes "all steps necessary to exhaust one line of administrative review," and does "not receive instructions on how to proceed once his attempts ... [are] foiled." *Crouch*, 27 F.4th at 1321 (citing *Dole*, 438 F.3d at 813).

This case is analogous to *Dole*, 438 F.3d at 805, in which a prisoner tried to file a grievance by giving prison authorities an envelope to mail but by the time the prisoner learned his grievance had not reached the Administrative Review Board, it was too late to re-file. The Seventh Circuit in *Dole* held that "[b]ecause [the prisoner] properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that [he] failed to exhaust his remedies." *Id.* at 811.

In this case, whether plaintiff properly invoked the prison mailbox rule, as defendants argue in their reply, is not applicable because plaintiff avers, and defendants do not dispute, that he timely placed his appeal in the mailbox to be mailed to the CCE. When, in May 2023, plaintiff learned that the CCE had not received his appeal, it was too late to timely file an appeal. Defendants do not contend that plaintiff was directed to file an appeal or take any action and thus, under *Dole*, plaintiff was not required to appeal to fully exhaust. It appears that when Beier told plaintiff that no appeal was on record, he told plaintiff to submit an inmate complaint regarding his belief that his appeal had been tampered with. And plaintiff then submitted an inmate complaint alleging that his appeal to the CCE had been tampered with and he subsequently submitted an appeal to the CCE, was which rejected as untimely. Regardless of plaintiff's subsequent appeal, *Dole* instructs that plaintiff exhausted his available administrative remedies regarding RGCI-

2023-2107 because he timely submitted an appeal to the CCE, did not learn the appeal was not received until it was too late to timely file, and followed Beier's instructions to submit an inmate complaint when he learned his appeal had not been received. Plaintiff exhausted his administrative remedies for complaint RGCI-2023-2017. His claim against Dr. Labby may proceed.

Defendants contend that RGCI-2023-2107 does not exhaust administrative remedies for plaintiff's claims against defendants Thompson, Gunderson, and Beier. "The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." *Jackson v. Esser*, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id.* at 959 (quoting *Schillinger v. Kiley*, 954 F.3d 90, 995 (7th Cir. 2020)). To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e).

In complaint RGCI-2023-2107, plaintiff raised the issue of his office visit with Dr. Labby on January 30, 2023, and the doctor's refusal to prescribe certain medication for him. He says in the grievance that he contacted Thompson in an attempt to resolve the issue, but that she did not respond to his request for renewing medication or his complaint. Plaintiff's claim against Thompson in this case is that he wrote to her about Dr. Labby's failure to renew his medication, but she did not address the issue. The court finds that plaintiff's complaint RGCI-2023-2107 exhausted his claim against Thomson.

On the other hand, plaintiff's complaint does not raise the issue of any actions that defendant Gunderson or Beier took, nor could it because plaintiff claims that their actions in processing his complaint violated his rights. And he has not submitted any other complaints regarding their actions. Plaintiff has not exhausted as to his claims against Gunderson and Beier, and the court will dismiss them.

At the end of this order, the court sets deadlines for the parties to complete discovery and file motions for summary judgment on the merits.[2]

## II. PLAINTIFF'S MOTIONS TO AMEND

On August 22, 2024, plaintiff filed a motion to amend the complaint due to new evidence of further damage to his stomach that he says was caused by the previous Eighth Amendment violations. ECF No. 35. Plaintiff states that his injuries have progressed to cause gastritis and "possible ulcers in the future." *Id.* at 1. He asserts that defendants Labby and Thompson caused the gastritis. Plaintiff asks the court to stop "judgment on summary judgment" and allow him to amend the complaint. *Id.* at 1-2.

Plaintiff has not filed a proposed amended complaint, as required by the Local Rules. See Civil L.R. 15(a) (E.D. Wis.) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Even if he had,

---

[2] Defendants filed a motion to stay the dispositive motion deadline pending resolution of their motion for summary judgment on exhaustion grounds. ECF No. 37. Because this order resolves the defendants' motion for summary judgment on exhaustion grounds and sets a new deadline for the parties to file motions for summary judgment on the merits, the court will deny as moot defendants' motion to stay the dispositive motion deadline.

plaintiff primarily describes new injuries that he attributes to defendants' prior actions which would probably not warrant amending the complaint. *See* Fed. R. Civ. P. 15(a).

Plaintiff has also filed a motion to file a supplemental motion to amend the complaint due to new evidence of a similar response to a complaint of misconduct of mail delivery. ECF No. 36. He seeks to introduce new evidence regarding his exhaustion argument that defendants did not fully investigate his claim that staff obstructed his mailing of his appeal to the CCE for complaint RGCI-2023-2107. He says he wants to present a pattern of defendant ICE Beier refusing to investigate staff misconduct claims. The court construes plaintiff's motion as a request to file a sur-reply. Plaintiff's motion does not present information relevant to resolving defendants' motion for summary judgment on exhaustion grounds. Even if it did, plaintiff has not explained why he did not previously submit the information. The court will deny this motion.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment on exhaustion grounds (ECF Nos. 25) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to plaintiff's claims against Nathan Beier and Holly Gunderson. The motion is **DENIED** as to plaintiff's claim against Kira Labby and Angela Thompson.

The court **ORDERS** that defendants Beier and Gunderson are **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct complaint (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file supplemental motion to amend complaint (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay dispositive motion deadline (ECF No. 37) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the deadline for the parties to complete discovery is **April 14, 2025**, and the deadline for the parties to file motions for summary judgment on the merits is **May 14, 2025**.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

12

Case 2:23-cv-00763-LA   Filed 01/10/25   Page 12 of 12   Document 39